IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON E. PORTER, #R-05050, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 14-cv-00919-NJR ) |
| ANGELA GROTT, LORI OAKLEY, C/O DAVIS, T. RYAN, and M. PHOENIX, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court for consideration of Plaintiff Byron Porter's first amended complaint (Doc. 10). Plaintiff is currently incarcerated at Pontiac Correctional Center. He brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 10, p. 5). In the amended complaint, Plaintiff claims that he was subjected to unconstitutional conditions of confinement at Menard Correctional Center ("Menard") from August 14 to November 26, 2012, when he was forced to choose between having access to hot or cold water in his cell. He also claims that his grievances addressing this issue were consistently ignored, disregarded, or denied. Plaintiff now sues five Menard officials for allegedly violating his rights under the Eighth and Fourteenth Amendments. These officials include Defendants Davis (correctional officer), Ryan (correctional officer), Phoenix (correctional officer), Grott (correctional counselor), and Oakley (grievance officer). Plaintiff seeks monetary damages.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  Upon preliminary review, the Court finds that the amended complaint fails to pass muster under Section 1915A.

### The Amended Complaint

According to the amended complaint, Plaintiff was exposed to unconstitutional conditions of confinement at Menard from August 14 to November 26, 2012 (Doc. 10, p. 6). During that time period, Plaintiff was housed in a cell in disciplinary segregation that lacked access to hot and cold water at the same time; in other words, he was forced to choose between the two. For the first week, the cold water ran "consistently" and "non-stop," and the hot water did not work at all.

When Plaintiff alerted Defendant Davis to the problem, he agreed to submit a work order, but allegedly never did (Doc. 10, p. 6). He also denied Plaintiff's request to move to a different cell (Doc. 10, p. 7). Plaintiff remained in the cell with only cold water for seven days.

When Plaintiff complained to Defendant Davis a second time on August 21, he was again told that a work order would be submitted.[1] In the meantime, Defendant Davis offered the Plaintiff the option of adjusting the water valve to allow *only* hot water to run into Plaintiff's cell. The amended complaint alleges that "[Plaintiff] had to choose between having hot or cold water, because the hot water would stay running once cut on, and . . . Davis . . . was not going back in the tunnel to cut the cold water back on, once he cuts the hot on" (Doc. 10, p. 7). Given the choice between hot and cold water, Plaintiff chose hot water. At the time, he never imagined that he would be forced to endure the condition for more than three months (Doc. 10, p. 8).

He was wrong. From August 21 until November 26, Plaintiff only had access to hot water and not cold. He had to fill Styrofoam cups with water and then wait up to three hours before drinking from them. Consequently, Plaintiff suffered from "cramps, dry throat, [and] cotton mouth" (Doc. 10, p. 9).

---

[1] Plaintiff later learned that Defendant Davis never submitted any work orders for repair of the water valve in his cell (Doc. 10, p. 9).

During the following months, Plaintiff filed numerous written and verbal requests for help with Defendants Davis, and he filed several grievances with Defendants Grott, Oakley, and Ryan (Doc. 10, pp. 8-9). He asked for access to both hot and cold water in his cell or a cell transfer. Defendant Davis took no further action, and Defendants Grott, Oakley, Ryan, and Phoenix lost, misplaced, ignored, delayed, or denied his grievances (Doc. 10, pp. 10-11, 13).

Plaintiff now asserts claims against Defendants Davis, Grott, Oakley, Ryan, and Phoenix under the Eighth Amendment, for subjecting him to unconstitutional conditions of confinement and for displaying deliberate indifference toward his physical and mental health, and under the Fourteenth Amendment, for violating his right to due process of law by mishandling or denying his grievances. (Doc. 10, pp. 15-22; Doc. 10-1, pp. 1-4). He seeks monetary damages.

## Discussion

After carefully considering the allegations in the amended complaint, the Court finds that it fails to articulate a colorable Eighth Amendment conditions of confinement claim (**Count 1**), Eighth Amendment deliberate indifference to medical needs claim (**Count 2**), or Fourteenth Amendment procedural due process claim (**Count 3**) against Defendants. Accordingly, the amended complaint shall be dismissed.

**Count 1 – Conditions of Confinement**

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (citing *Robinson v. California*, 370 U.S. 660, 666 (1962)). It has been a means of improving prison conditions that were constitutionally unacceptable. *Id.* Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal

hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)).

In order to prevail on a claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective analysis turns on whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective analysis addresses the state of mind of the defendants. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 846-47.

The amended complaint does not suggest that Plaintiff was deprived of a basic human need, such as food, clothing, or shelter. Plaintiff complains about a single condition, i.e., the lack of access to hot and cold water together. He does not complain that he was absolutely deprived of water, or that his access to water was limited. He also does not complain about being denied access to personal hygiene items, like soap or showers. By all indications, Plaintiff had access to as much water as he wanted (or needed) at all times.

Plaintiff was also allowed to choose between hot and cold water. He wisely chose hot water and learned that he could also have cold water by waiting for the hot water to cool in a Styrofoam cup.[2] The fact that he allegedly suffered from cramps, dry mouth, and "cottonmouth" while waiting does not amount to a constitutional violation. These conditions, while unfortunate, do not show deprivation of a basic necessity.

Because no claim for unconstitutional conditions of confinement has been stated in the amended complaint, **Count 1** shall be dismissed with prejudice.

**Count 2 – Deliberate Indifference to Medical Needs**

Likewise, the amended complaint states no Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs (**Count 2**). Plaintiff alleges that he suffered from mental anguish, cramps, and a dry/cottonmouth as a result of the conditions of his confinement. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The amended complaint satisfies neither prong of this test. First, the allegations simply do not suggest that Plaintiff's cramps, dry mouth, or mental anguish were serious. The Seventh Circuit has made it clear that "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373

---

[2] The amended complaint does not suggest that Plaintiff's lack of access to Styrofoam cups limited his ability to obtain water that was cool enough to drink. The amended complaint also includes no allegation suggesting that that temperature of the water resulted in any burns or heat injuries.

(7th Cir. 1997) (citation omitted). The allegations simply do not suggest that any of these conditions rose to this level. Plaintiff does not claim that he even notified anyone of these conditions or sought medical attention for them.

At the same time, the allegations also do not suggest that any particular Defendant responded to Plaintiff's medical conditions with deliberate indifference. More to the point, the amended complaint is devoid of allegations suggesting that any Defendant *knew* that Plaintiff was experiencing a dry mouth, cramps, or mental anguish.

Without more, **Count 2** also must be dismissed for failure to state a claim upon which relief may be granted, and the dismissal shall be with prejudice.

**Count 3 – Denial of Procedural Due Process**

Finally, the amended complaint fails to articulate a colorable Fourteenth Amendment due process claim (**Count 3**). Plaintiff claims that Defendants lost, delayed, ignored, and denied his grievances about the conditions of his cell. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Further, the fact that a counselor, grievance officer, or supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). No

Defendant was involved in a violation of Plaintiff's constitutional rights, based on the allegations in the amended complaint. Most were only involved in processing his grievances. This, alone, does not give rise to a claim under the Due Process Clause. Accordingly, **Count 3** shall be dismissed with prejudice.

### Pending Motion

Plaintiff's pending motion (Doc. 9) shall be **DENIED as moot**. To the extent that Plaintiff still seeks copies of any pleadings filed to date, the motion is also **DENIED**. As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The Clerk is **DIRECTED** to mail Plaintiff a copy of the docket sheet in this case. Should Plaintiff desire copies of any documents from the court file, he should request the document(s) by number and send the required prepayment. As a one-time courtesy to Plaintiff, the Court will confirm that the amended complaint (Doc. 10) consists of 48 pages, including a 22-page complaint and 26-page exhibit. Therefore, Plaintiff must remit payment of $24.00 along with a written request for a copy of this pleading, if he wishes to obtain a complete copy of it.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2,** and **3** are **DISMISSED with prejudice** from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **DEFENDANTS GROTT, DAVIS, OAKLEY, RYAN,** and **PHOENIX** are **DISMISSED with prejudice** from this action.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**DATED: December 9, 2014**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**